Filed 8/27/13  P. v. Austin CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MONTRELL EUGENE AUSTIN,<br><br>    Defendant and Appellant. | A135317<br><br>(Solano County<br>Super. Ct. No. VCR213774) |

Defendant Montrell Eugene Austin appeals his conviction, following a jury trial, of carrying a loaded, unregistered firearm. Defendant contends there was insufficient evidence to support the conviction, that the court abused its discretion in summarily denying his *Pitchess*[1] motion to review the personnel file of one of the two arresting officers, and asks that we conduct an independent review of the other officer's personnel records to determine if the court's order denying disclosure was proper. Defendant also contends the trial court abused its discretion in conditioning his probation on not consuming alcohol in a public place.

We conclude the conviction was supported by substantial evidence and that the probation condition is appropriate. However, we must remand the matter to the trial court for further proceedings concerning the *Pitchess* motions.

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

1

## FACTUAL AND PROCEDURAL BACKGROUND

There was testimony at trial that on July 16, 2011, Vallejo Police Department Officers Eric Jensen and Dustin Joseph were patrolling the Crest area of Vallejo. At approximately 2:30 a.m., Officer Jensen, driving eastbound, saw defendant walking in the same direction, look over his right shoulder at the patrol car, move his elbows and his hands to the front of his body, reach into his waistband area and toss a dark object that had "some girth to it." The object landed approximately two feet from defendant. Officer Joseph observed much the same thing, testifying that the object was thrown with defendant's left hand to his left side, about a foot to two feet off the sidewalk, into the side yard of the corner house at Cynthia and Amelia Streets. Joseph testified that he never lost sight of defendant from the time he first saw him until he made the throwing gesture.

After defendant discarded the object, Jensen turned on the driver's side spotlight and pulled up about 10 to15 feet behind defendant. Both officers exited the patrol car and ordered defendant to stop and place his hands on his head. Defendant complied. Joseph pat-searched defendant for weapons while Jensen walked back 30 feet to where defendant had tossed the object. About two feet from the sidewalk, Jensen found a fully loaded, operable .357 Smith & Wesson magnum revolver. Joseph testified that Jensen picked up the gun "[i]n the exact spot where [they] saw Mr. Austin drop the object."

Jensen was wearing gloves when he picked up the gun by its grip. He removed six live rounds from the gun. A latent print processing technician subsequently examined the gun but was unable to find "any suitable latent impressions." The technician swabbed the textured surfaces of the gun for DNA but did not know the results of the DNA analysis.

Defendant testified in his own defense that on the night in question he was walking with "a lot of stuff on [his] mind," that he had been drinking from a bottle of gin which he threw down as the police approached, and that he was not carrying a gun. He denied that the gun Jensen found was his.

Defendant was charged by information with carrying a loaded, unregistered firearm. (Pen. Code, §§ 12031, subd. (a)(1), 25850, subd. (a).) Prior to trial he filed two virtually identical *Pitchess* motions to discover the personnel files of Officers Joseph and

2

Jensen, which the Vallejo city attorney opposed. The court granted the motion as to Officer Jensen, but denied the motion as to Officer Joseph without conducting an in camera hearing. After an in camera review of documents from Jensen's file, the court found no documents required to be disclosed to the defense.

A jury found defendant guilty as charged. The court suspended imposition of sentence and placed defendant on probation for three years on conditions including 242 days in county jail, with credit for time served, and that he "not ingest alcohol, consume alcohol in any public place." Defendant timely filed a notice of appeal.

**DISCUSSION**

## 1. Sufficiency of the Evidence

Defendant contends there was insufficient evidence to support the conviction due to a lack of "fingerprint or DNA evidence linking [defendant] to the gun" as well as "no direct, clear observation of the object [defendant] discarded." In reviewing a claim of insufficiency of the evidence, "we review the whole record to determine whether *any* rational trier of fact could have found the essential elements of the crime or special circumstances beyond a reasonable doubt. [Citation.] The record must disclose substantial evidence to support the verdict—i.e., evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] . . . [¶] The same standard governs in cases where the prosecution relies primarily on circumstantial evidence. [Citation.] [An appellate court] 'must accept logical inferences that the jury might have drawn from the circumstantial evidence.' " (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)

Here, the testimony of Officers Joseph and Jensen was sufficient to support the conviction for carrying a loaded, unregistered firearm. Although the evidence indicated that the street was poorly lit at the time – approximately 2:30 a.m. – and that the officers observed defendant's movements from a distance of 35 to 40 feet, the circumstantial evidence nonetheless was sufficient to support the inference that defendant possessed the weapon that Jensen found. Both officers were able to observe, describe and demonstrate the motion defendant made with his hands, and Jensen found the weapon exactly where

the officers observed defendant throw the object. There were no alcohol bottles at that spot. While the evidence of possession of contraband may have been stronger in other cases which defendant cites, the evidence here nonetheless was sufficient to support a rational inference that the movements the officers observed defendant making were taking the gun from his waistband and discarding it where Jensen found it.

## 2. Probation Condition

Defendant contends the trial court abused its discretion in imposing as a condition of probation that he not ingest or consume alcohol in a public place. Absent a showing that a condition of probation infringes upon a constitutional right, we review probation conditions for abuse of discretion, "that is, for an indication that the condition is 'arbitrary or capricious' or otherwise exceeds the bounds of reason under the circumstances." (*People v. Olguin* (2008) 45 Cal.4th 375, 384.) In *People v. Lent* (1975) 15 Cal.3d 481, 486, the Supreme Court stated that "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' " Furthermore, "a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*Ibid.*)

Defendant acknowledges that there was evidence that he "had been drinking before his arrest." Based on the circumstances surrounding defendant's arrest, the trial court could properly conclude that alcohol was related to his offense. Although the consumption of alcohol is not in itself criminal, the court could properly conclude that limiting the consumption of alcohol would reasonably deter future criminal behavior. We see no basis for concluding that the trial court abused its discretion in imposing the alcohol condition.

## 3. Pitchess Motions

Defendant contends the trial court abused its discretion in summarily denying his *Pitchess* motion directed to the personnel file of Officer Joseph and requests that we

4

conduct an independent review of the documents from the personnel file of Officer Jensen that the court examined in camera and found were not subject to disclosure.

We review the trial court's ruling on a *Pitchess* motion for abuse of discretion. (*Alford v. Superior Court* (2003) 29 Cal.4th 1033, 1039; *People v. Gill* (1997) 60 Cal.App.4th 743, 749.) When a party seeking discovery or disclosure of a peace or custodial officer's personnel records files a written motion in accordance with the requirements of Evidence Code section 1043, "the trial court must conduct an in camera inspection of the records in order to determine their relevance to the subject matter involved in the pending proceeding." (*People v. Gill*, *supra*, at p. 749.) "Good cause for discovery exists when the defendant shows both ' "materiality" to the subject matter of the pending litigation and a "reasonable belief" that the agency has the type of information sought.' [Citation.] A showing of good cause is measured by 'relatively relaxed standards' that serve to "insure the production" for trial court review of "all potentially relevant documents.' " (*Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1016.)

The trial court granted defendant's motion as to one of the arresting officers but denied an essentially identical motion as to the second officer. As the court implicitly recognized in granting the motion as to Officer Jensen's file, defendant's showing satisfied the "relatively low threshold for discovery." (*City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 83.) Both motions were supported by similar declarations by defendant's trial counsel stating that defendant "maintains he did not throw any objects and had no involvement with the firearm allegedly found at the scene," that defendant contends there was no probable cause to stop or arrest him, that each officer "has a long history of fabricating probable cause to arrest and reasonable suspicion to detain suspects, and for use of excessive force" and that "[i]t is believed that [each officer] has a history of fabricating probable cause to arrest. This information is relevant to this case because there are no independent percipient witnesses to this event so the credibility of the arresting officers will be at issue. [¶] The defense is entitled to impeach the credibility of any of the state's witnesses at trial and/or at a motion to suppress evidence. This conduct

5

on the part of [each officer] will show that [they do] in fact have the propensity to fabricate probable cause and will give the jury or court greater insight into the facts in the present case . . . ." [2] The court granted the motion "to review the personnel file of Officer Jensen as it relates to credibility issues, allegation of false arrests, illegal searches and seizures" but "den[ied] the *Pitchess* discovery request on behalf of the other officer."

The Attorney General defends the denial of the motion as to Officer Joseph's file on the ground that defendant "failed to provide a 'specific factual scenario' which established a 'plausible factual foundation' for the allegations of officer misconduct." However, we can find no meaningful distinction between the showing made as to the two officers and, in both cases, the motion should have been granted.

In *Warrick*, the Supreme Court stated that "a factual scenario supporting the claimed officer misconduct . . . may consist of a denial of the facts asserted in the police report." (*Warrick v. Superior Court*, *supra*, 35 Cal.4th at pp. 1024-1025.) Here, defendant denied throwing the firearm and challenged the veracity of the testimony of both officers tending to prove the charged offense, contradicting defendant's denial. Information that either officer had previously fabricated a basis for arrest would be relevant to impeach that officer's testimony here. Indeed, if there was any difference between the situation of the two officers, the reason for compelling the production of Officer Joseph's file was the more compelling, since the police report describing the circumstances of defendant's arrest was written by Joseph, not Jensen. Defendant's assertion that Officer Joseph falsified his police report when he indicated he had seen defendant throw an object established "a plausible scenario of officer misconduct . . . that might or could have occurred." (*Id.* at p. 1026.)

Thus, we must reverse defendant's conviction and remand the matter so that the trial court may conduct an in camera hearing to review the personnel file of Officer Joseph to ascertain whether it contains any relevant documentation responsive to

---

[2] These quoted statements appear in full in the declaration concerning Officer Joseph. The declaration concerning Officer Jensen in two instances omits phrases that do not affect the meaning of the declaration and appear to be clerical errors.

defendant's motion that should have been disclosed to the defense; and, if so, to order disclosure of those documents to the defense and to consider a motion for a mistrial, should one be timely filed, predicated on the disclosed information. If the court either determines that there are no documents requiring disclosure or denies a motion for mistrial based on any documents that may be disclosed, the judgment shall be reinstated.

With respect to the documents concerning Officer Jensen, the Attorney General has expressed no objection to this court's independent review of the materials examined in camera by the trial court and determined not to be subject to disclosure. We have reviewed Officer Jensen's personnel file and agree that it contains no documents potentially relevant to issues in this case that required disclosure to the defense. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1232.)

**DISPOSITION**

The judgment is reversed and the matter is remanded to the trial court with directions to conduct an in camera hearing to review the personnel file of Officer Joseph to ascertain whether it contains any relevant documentation responsive to defendant's motion that should have been disclosed to the defense; and, if so, to order disclosure of those documents to the defense and to consider a motion for a mistrial, should one be timely filed, predicated on the disclosed information. If the court either determines that there are no documents requiring disclosure or denies a motion for mistrial based on any documents that may be disclosed (or if no motion for mistrial is

filed within 30 days of the production of any such documents to the defense), the judgment shall be reinstated.

_____
Pollak, Acting P.J.

We concur:

_____
Siggins, J.

_____
Jenkins, J.